LAW OFFICE OF HOWARD NEU, P.A.
Howard Neu (Florida Bar No. 108689)
Howard@NeuLaw.com
4839 S.W. Volunteer road
Suite 512
Southwest Ranches, Florida 33330
Telephone: 954-662-1816
Facsimile: 954-337-2324
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STANLEY PACE, an individual

Plaintiff,

v.

CONSTELLATION BRANDS, INC.,
a New York Corporation

_____/

Case No. _____

**COMPLAINT FOR:**
**[1] DECLARATORY RELIEF**
**LANHAM ACT, 15 U.S.C.**
**§1114(2)(D)(iv)**

**[2] REVERSE DOMAIN NAME HIJACKING ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1114](2)(D)(v)**

Plaintiff, Stanley Pace ("Pace" or "Plaintiff"), for his Complaint against Constellation Brands, Inc., ("Constellation" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for Declaratory Judgment under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a); and reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v).

2. This Court has personal jurisdiction over Defendant as it has consented to jurisdiction by this court in Paragraph [10] of its complaint with the National Arbitration Forum (NAF) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

3. Venue in this Court exists as Plaintiff is a resident of Denton County, Texas, and, pursuant to 28 U.S.C. § 1391(b)(1) and (c), as Defendant is deemed a resident of this District for venue purposes, as well as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4. Plaintiff, Stanley Pace, is an individual residing at 4700 Nantucket Court, Flower Mound, Texas 75022.

5. On information and belief, Defendant, Constellation is a New York Corporation having its principal place of business at 207 High Point Drive, Bldg. 100, Victor, New York, 14564.

## NATURE OF THE CONTROVERY

6. This is an action for Declaratory Judgment and certain other statutory remedies under the Trademark laws of the United States and the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d) and 15 U.S.C. §1114(2)(D). The Plaintiff is the registrant of the internet domain name RUFINO.COM. The domain name has been suspended by the registrar, Fabulous.com, and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendant, which claims trademark rights and certain other rights with respect to the term and the domain name RUFINO.COM. The Plaintiff seeks a determination by this court that the Plaintiff's registration and/or use of RUFINO.COM is not, and has not been in violation of ACPA and that Plaintiff's use of RUFINO.COM constitutes neither an infringement, a threat of dilution of Defendant's trademark nor a violation of the ACPA.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

7. This case involves "reverse domain name hijacking," which occurs when an individual or an entity may allege that it is the owner of a trademark and assert spurious claims of trademark infringement and trademark dilution against the owner of a domain name whose chosen domain name is similar or identical to the registered trademark. Defendant is attempting to wrest control of Plaintiff's domain name by

asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

8. Plaintiff is in the business of acquiring and using for business purposes, various surname domain names as and when they become available, for leasing or email services.

9. The disputed Domain Name RUFINO.COM was originally purchased by the Plaintiff for a cost of $843.00 in 2012. [EXHIBIT A]. Pursuant to his business plan, Plaintiff purchased and registered the domain name on or about August 5, 2012, in good faith at which time (and at all times subsequent thereto) he believed and has had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful, and has "parked" it with a reputable monetizer, SEDO.com, for many years.

10. Plaintiff is in the business of registering and using for email addresses, last names and/or family names, and has accumulated over 10,000 surnames that are used in this manner. In addition, Plaintiff, who is trilingual in Spanish as well as English and Portuguese, has over 10,000 Latin generic domain names. Plaintiff rarely sells surnames and predominantly leases the websites or sub-domains and email services using the surnames.

11. Defendant has trademarks for "Ruffino" while Plaintiff's domain name is "RUFINO.COM" which is a common surname. There are approximately 100,000 people with the last name "Rufino" and less than 10,000 with the last name "Ruffino".

The surname is most common in Italy, the U.S. and Argentina. WIKIPEDIA shows "Rufino" as a family name, a town in Argentina, the tallest skyscraper in the Philippines. It then shows "See also Ruffino, a wine producer based in the Tuscany region of Italy." [EXHIBIT E].

12. Defendant has only one registered trademark "RUFFINO". The Registration, dated February 13, 1951, is for a "typed drawing" and does not indicate how the trademark is to be used or what classes in which it is registered. [EXHIBIT B]. The U.S.P.T.O. lists 3 other registrations under the word "RUFFINO" that are LIVE. The first is "AZIANO RUFFINO" registered June 19, 1984 by Defendant's wholly-owned subsidiary 'RUFFINO SRL LIMITED LIABILITY COMPANY ITALY". The second "RUFFINO" for eyewear, published for opposition November 15, 2016, by Corey Hill, not affiliated with defendant. The third is for "RUFFINO'S", for Restaurant and Bar Services, registered July 11, 2017 by Group Italian Restaurants, L.L.C., not affiliated with Defendant. [EXHIBIT C].

13. A review of the Plaintiff's parked web site at RUFINO.COM shows that there is no reference to Defendant, it's trademark or its product. [EXHIBIT D].

14. A review of the first page of GOOGLE for the word RUFINO shows 15,400,000 results with no mention of the Defendant Ruffino on the first 10 pages. [EXHIBIT E].

15. A review of the web site www.behindthename.com shows the origin of the given name RUFINO and names related to RUFINO. [EXHIBIT F].

16. On June 6, 2017, Defendant filed a Complaint thereby initiating an arbitration proceeding against Plaintiff with the National Arbitration Forum ("NAF") in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") against the Plaintiff for the domain name RUFINO.COM, alleging that it was a "typo" of their product and trademark for RUFFINO WINES. On or about June 8, 2017, the registrar of the domain name, Fabulous.com disabled, suspended and "locked" the domain name, thereby prohibiting Plaintiff from utilizing the domain name in accordance with the uses typically enjoyed by a registrant of a domain name. The action to disable, suspend and "lock" the domain name was in accordance with the UDRP and associated procedures.

17. On July 20, 2017, the NAF panel assigned to the case rendered a decision requiring the transfer of the domain name to Defendant. (NAF case No. FA1706001735061). As of the date of the filing of this complaint, the domain name continues to be disabled, suspended and "locked" pending the transfer of the registration to the Defendant on August 7, 2017, pursuant to the UDRP decision.

18. The reasons stated in the ruling of the arbitrators represent a significant departure from the written standards contained in the UDRP in that Defendant did not prove that; (1) Plaintiff did not have bona fide rights in the domain name or in terms included in the domain name (for purposes of the federal trademark laws that are

applicable to the proceeding), (2) Plaintiff had no legitimate interest in the domain, or (3) that Plaintiff had registered and/or used the domain name in bad faith.

19. Plaintiff's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Defendant as it relates to the products that Defendant offers, nor is there any possibility of confusion between the products offered by Defendant to the general public. Further, Defendant did not cite one instance of consumers being confused by Plaintiff's web site and Defendant's web site at www.ruffino.com.

20. Plaintiff's use of RUFINO.COM as his chosen domain name is a fair or otherwise lawful use of the term.

21. At no time, did Plaintiff trade upon or use Defendant's trademarks for the word "Ruffino".

22. At no time did the Plaintiff register or use the domain name RUFINO.COM in "Bad Faith" as defined by 15 U.S.C. §1125.

23. Because of the actions of Defendant, and its claims of trademark infringement, dilution and violation of the ACPA, Plaintiff faces losing valuable rights in his Internet domain name.

24. Due to the impending transfer of the domain name to the Defendant pursuant to the Decision by the NAF Panel, Plaintiff is now forced to bring this action to protect his rights in his intellectual property. Plaintiff had to retain counsel and has had to incur substantial fees and costs to bring this suit.

25. Defendant trademark owner who prompted the domain name to be transferred has notice of the action.

26. Because NAF has directed that the RUFINO.COM domain name be transferred to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of RUFINO.COM is unlawful under the ACPA and the Lanham Act.

27. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term RUFINO.COM as his domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

28. Plaintiff has never sold, transferred, or trafficked in the domain name. Nor has Plaintiff at any time specifically offered to sell the domain name to Defendant, though the domain name, along with thousands of other domain names registered by Plaintiff is available for sale.

29. At all times, Plaintiff utilized the domain name in a bona fide manner for bona fide purposes.

30. Plaintiff did not have any intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or

disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

31. Plaintiff did not provide material and misleading false contact information when applying for the registration of the domain name. Plaintiff did not fail to maintain accurate contact information with respect to the domain name in question or with respect to any other domain name.

32. Plaintiff's use of RUFINO.COM as his chosen domain name is a fair or otherwise lawful use of the term.

33. Because of the actions of Defendant, and its claims of trademark infringement and dilution, Plaintiff faces losing valuable rights in his Internet domain name.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment - Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a)

34. Pace incorporates by reference the factual allegations set forth in Paragraphs 6 through 33 above.

35. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant, including the reactivation of the domain name. 15U.S.C.§ 1114(2)(D)(v).

36. Section 1114(2)(D)(v) provides a registrant who is threatened with the loss of his domain name under the UDRP with a cause of action for an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

37. Defendant does not have any exclusive use of the mark nor did it have such a right at the time Plaintiff registered the domain name.

38. Plaintiff did not register the domain name RUFINO.COM with the bad faith intent to profit from the goodwill of defendant's trademark.

39. Plaintiff is entitled to have the unencumbered use of the domain name RUFINO.COM and to have the domain name reactivated and to have any and all suspensions or transfers terminated and prohibited.

40. In the UDRP action, Defendant intentionally misrepresented and fraudulently stated in its complaint that Plaintiff had been using the domain name RUFINO.COM to compete with Defendant's business and that Plaintiff used links to Defendant's competitors on a "parked" page, when the truth was that from acquisition to date, to the best of Complainant's knowledge, there were no authorized links to competitors of Defendant on the RUFINO.COM web site; these allegations misrepresented by Defendant to the UDRP Panel were the express cause of the NAF panel to require Plaintiff to transfer the Domain Name to Defendant.

41. Plaintiff's good faith registration and use was or should have been known to the Defendant, yet, Defendant did not take any action to acquire the domain name until five (5) years after Plaintiff acquired it.

42. The Defendant fraudulently claimed to the UDRP Panel that the disputed Domain Name was used intentionally to attract, for commercial gain, Internet users to the Plaintiff's website or other on-line location, creating the possibility of confusion with the mark of the Defendant as to the source or commercial origin of those products, though knowing that there were no products of Defendant's or Defendant's competitors being promoted by Plaintiff.

43. As a direct and proximate result of Defendant's wrongful conduct, Pace has been and will continue to be damaged.

44. Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of his Domain Name, RUFINO.COM, the transfer of the Domain Name to Defendant will damage Plaintiff irreparably. Pace has no adequate remedy at law.

45. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Pace is thus entitled to an award of attorney's fees and costs.

46. Alternately, Pace is entitled to elect statutory damages instead of actual damages and profits, pursuant to 15 U.S.C. §1117 (c).

## SECOND CLAIM FOR RELIEF

### Anticybersquatting Consumer Protection Act – 15 U.S.C. §1114(2)(D)(iv)

47. Pace incorporates by reference the factual allegations set forth in Paragraphs 6 through 33 above.

48. Section 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

49. Section 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act." Under this section, a "court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name back to the domain name registrant."

50. Pace's registration and use of the domain Name RUFINO.COM was not unlawful under Title 15, United States Code, § 1114(2)(D)(v).

## PRAYER FOR RELIEF

A. Order Fabulous.com to take all action necessary to enable the domain name RUFINO.COM; to reactivate the domain name; to discontinue any suspension of the domain name; and to refrain from transferring the domain name from Plaintiff to Defendant;

B. For a declaration from this Court that Plaintiff's registration, use and possession of the domain name RUFINO.COM neither infringes defendant's trademarks, nor dilutes the trademarks in any manner nor constitutes a violation of any Federal or State law;

C. For a declaration from this Court that Plaintiff may continue to use and enjoy his chosen domain name without interference of any type by the Defendant;

D. For injunctive relief prohibiting defendant from interfering with or challenging Plaintiff's registration, possession or use of the subject domain name;

E. For attorney's fees and costs incurred by the Plaintiff in bringing this action; and

F. For such other relief as this Court may deem just and proper.

This 26th day of July, 2017.

By: ___"/s/" Howard Neu "/s/"___
Howard Neu, Esq.
Florida Bar No. 108689
Law Office of Howard Neu, P.A.
4839 S.W. Volunteer Road
Suite 215
Southwest Ranches, FL 33330
Phone:954-662-1816
Facsimile: 954-337-2324
Howard@NeuLaw.com
Counsel for Plaintiff