

```
---------------------------------------------
Constellation Brands, Inc.            )
and its wholly owned subsidiary       )    File No.
Ruffino SRL                           )
                                      )
        (Complainants)                )    Domain Name In Dispute:
                                      )
v.                                    )    rufino.com
                                      )
Stanley Pace                          )
                                      )
        (Respondent)                  )
---------------------------------------------
```

## COMPLAINT IN ACCORDANCE WITH
## THE UNIFORM DOMAIN NAME DISPUTE RESOLUTION POLICY

[1.]  This Complaint is hereby submitted for decision in accordance with the Uniform Domain Name Dispute Resolution Policy (UDRP), adopted by the Internet Corporation for Assigned Names and Numbers (ICANN) on August 26, 1999 and approved by ICANN on October 24, 1999, and the Rules for Uniform Domain Name Dispute Resolution Policy (UDRP Rules), with an effective date of July 31, 2015, and the FORUM's Supplemental Rules (Supp. Rules). UDRP Rule 3(b)(i).

[2.]  COMPLAINANT INFORMATION

    Name:        **Ruffino SRL (hereinafter "Ruffino")**
    Address:     12 Via Corsica
                  Bescia, Italy
    Telephone:   1-908-722-5640
    E-Mail:      jmr@br-tmlaw.com

    Name:        **Constellation Brands, Inc. (hereinafter "CBI")**
    Address:     207 High Point Drive, Bldg. 100
                  Victor, New York 14564
    Telephone:   1-908-722-5640
    E-Mail:      jmr@br-tmlaw.com

Note: Complainant Ruffino is a wholly owned subsidiary of Complainant CBI. *See* accompanying combined declaration of Sandro Sartor and Lonette Merriman, at ¶ 6 (hereinafter

# Exhibit 1

"Sartor/Merriman Decl. ¶___"). Ruffino is the owner of the relevant trademark registrations cited below. The parent company, CBI, is the registered owner of Complainants' relevant domain registration cited below. As such, there is a sufficient nexus between the Co-Complainants to claim rights in the domain in issue. *See, e.g., Idris Elba and Myone Media Inc. v. Direct Privacy ID 6D6CC*, FA 1402898 (NAF Sept. 15, 2011). *See also The Office Club, Inc. and Office Depot, Inc. v. Ilie Razvan [P.F.]*, FA1381128 (NAF May 10, 2011) (corporate affiliation is sufficient nexus and/or link to treat Co-complainants as a single entity).

Co-Complainants shall be referred to hereinafter collectively as "Complainants."

[3.] **COMPLAINANTS' AUTHORIZED REPRESENTATIVE (both Complainants)**

| | |
|---|---|
| Name: | John M. Rannells, Esq. |
| | Baker and Rannells PA |
| Address: | 92 East Main St., Suite 302 |
| | Somerville, New Jersey 08876 |
| Telephone: | 908-722-5640 |
| Fax: | 908-725-7088 |
| E-Mail: | jmr@br-tmlaw.com |

Complainant's preferred contact person for correspondence relating to this case:

| | |
|---|---|
| Contact: | John M. Rannells, Esq. |
| Email | jmr@br-tmlaw.com |

**The Complainants choose to have this dispute heard before <u>a single-member administrative panel</u>.**

[4.] **RESPONDENT INFORMATION**

| | |
|---|---|
| Name: | Stanley Pace |
| Address: | <u>Per WHOIS Results</u> |
| | 4700 Nantucket Ct. |
| | Flower Mound, Texas 75022 |
| Telephone: | 1-310-948-7284 |
| Fax: | unknown |
| E-Mail: | lorinpace@gmail.com |

[5.] **RESPONDENT AUTHORIZED REPRESENTATIVE (IF KNOWN).**

Unknown. Note, per WHOIS, all contact information for Registrant Contact, Administrative Contact, and Technical Contact are identical.

[6.] DISPUTED DOMAIN NAME(S)

[6.][a.] The following domain name is the subject of this Complaint:

*rufino.com*

[6.][b.] Registrar Information:

    Registrar's Name:     FABULOUS.COM PTY LTD
    Registrar Address:     Level 2, 63 Miller Street
    Pyrmont NSW 2009
    Australia
    Telephone Number:     61282133006
    E-Mail Address:     support@fabulous.com

[6.][c.] <u>Complainants' Trademark / Domain Name Information:</u>

(1) <u>Complainants' Trademark Registrations</u>: Complainant Ruffino SRL is the owner of, *inter alia*, the following trademark registrations:

| Country | Mark | Reg. No. | Goods/Int. Classes | Reg. Date |
| --- | --- | --- | --- | --- |
| United States | RUFFINO | 0537668 | wines | Feb. 13, 1951 |
| Italy | RUFFINO | 110393 Ren. 1466323 | 29, 30, 32, 33 | June 27, 1953 |
| International/WIPO AT, BG, BX, BY, CH, CZ, DE, DZ, EG, FR, HR, HU, IE, KZ, LT, LV, MA, MC, MK, PL, PT, RO, RS, RU, SI, SK | RUFFINO | 167416 | 29, 30, 32, 33 | Feb. 7, 1953 |

See, Sartor/Merriman Decl. ¶ 7. Status and title copies the aforementioned registrations downloaded from the relevant Trademark Office databases are annexed to the Sartor/Merriman Decl. as Exhibit "1" thereto.

The offending domain in issue was registered on Aug. 5, 2012 [see Sartor/Merriman Decl. Exhibit "2" – Whois abstract for offending domain]. Complainants have priority and superior rights.

(2) <u>Complainants' Domain Name Rights</u>: Since October of 2012, CBI (Ruffino's parent) has been the registered owner of, *inter alia*, the domain name *ruffino.com*, which resolves to Complainants' Ruffino website. Prior to October 2012, and since at least as early as 1998, the domain was registered in the name of Complainant Ruffino SRL. A *ruffino.com* active website has been in continuous use since at least as early as 1998 [*see* Exhibit "3" Sartor/Merriman Decl. - WHOIS / Domain Tools data base records]. *See also*, Sartor/Merriman Decl. Exhibit "4" - copies of a sampling of ruffino.com website pages from December 1998 to the present date. Complainants' domain has been registered since at least as early as December 2, 1998. Complainant has priority.

(3) <u>Complainants' Common Law Trademark / Trade Name Rights</u>: Ruffino Winery was founded in Italy in 1877. Sales of RUFFINO brand wines have been continuous since inception. RUFFINO wines won their first, of many, gold medals at the 1881 Milan Wine Exhibition. Sales of RUFFINO wine in the United States have been continuous since 1933 (i.e., since Prohibition ended). Ruffino offers a large variety of exceptional wines, including by way of example, Ruffino's world renowned Chianti, Brunello di Montalcino, Nobile di Montepulciano, and Pinot Grigio, amongst many others – All bearing the RUFFINO trademark. *See,* Sartor/Merriman Decl. Exhibit "4." The Ruffino winery maintains a well-known and popular Tasting Room and Visitor Center. A RUFFINO Winery Tasting Room has been in existence since at least as early as 1978. RUFFINO brand wines are sold throughout the United States and throughout the world, through all legal channels of trade, including without limitation, wine and liquor stores, restaurants, bars, taverns, grocery stores and through e-commerce where permitted by law. *See*, Sartor/Merriman Decl., ¶ 9.

RUFFINO wines have received numerous accolades and are consistently rated among the top echelon of Tuscan wines. Attached to the Sartor/Merriman as Exhibit "5" is a representative listing of accolades and ratings for RUFFINO wines.

Regarding U.S. market share within the Ultra-Premium Segment ($11.00-$14.99/bottle), RUFFINO has been the #2 largest brand by dollar sales with an extraordinary market dollar share at 8.1% and a unit share at 9%. Regarding U.S. market share for "still table wines" <u>in all categories,</u> RUFFINO is the #12 largest brand by dollar sales. Accordingly, RUFFINO is one of the most famous and most recognizable wine brands in the United States and

around the world. RUFFINO wines are sold in over 85 countries covering 5 continents. *See,* Sartor/Merriman Decl., ¶ 11.

Over the past few fiscal years, annual wholesale sales of RUFFINO brand wines have averaged in excess of € 93 million per year with well over 2.1 million 9 liter cases of wine sold per year. *See,* Sartor/Merriman Decl., ¶ 12.

[7.] **FACTUAL AND LEGAL GROUNDS**

In addition to the facts set forth in Section [6.] above, this Complaint is based on the following factual and legal grounds:

[7.][a.] <u>Complainants Have Legitimate Rights In Their Mark and Name / The Domain Name in Issue is Confusing Similar to Complainants' Registered Trademark, Common Law Trademark and Trade Name:</u>

As demonstrated by the facts and evidence of the accompanying Sartor/Merriman Declaration, the Complainants have legitimate rights in the RUFFINO mark and name and have priority, in each instance, over the Respondent. Complainants' trademark registration in the U.S. Patent and Trademark Office is alone sufficient to prove Complainants' rights in such trademark for the purposes of this element. *See, Paisley Park Enters. v. Lawson*, FA 394834 Nat. Arb. Forum Feb. 1, 2005) (rights established by registration with USPTO); *See also, Thermo Electron Corp. v. Xu* FA 713851 (Nat. Arb. Forum July 12, 2006) (Complainant's establish rights in marks where marks were registered with a trademark authority). Further, Complainants' U.S. trademark registration is incontestable pursuant to 15 U.S.C. §1065 and accordingly constitutes "<u>conclusive</u> evidence of the validity of the registered mark and of the registration of the mark, of ownership of the mark, and of the exclusive right to use the registered mark in [U.S.] commerce" in connection with the goods recited in the registration. *See*, 15 USC § 1115(b).

The only difference between the infringing domain in issue, **rufino.*com***, and Complainants' RUFFINO mark is the addition of the generic top level domain ".com." and the deletion of an "f" which difference is not noticeable in general, is easily overlooked or confused by users/consumers, and appears to be nothing more than an intentional typo mark registered by the Respondent. *See, Nevada State Bank v. Modern Ltd. – Cayman Web Dev.*, FA204063 (NAF, Dec. 6, 2003) ("It has been established that the addition of a generic top-level domain is

irrelevant when considering whether a domain name is identical or confusingly similar under the Policy"). *See also, Bank of America Corporation v Cupcake Patrol*, FA 0102000096582 (Forum, March 19, 2001)([ <bankofamercia.com>] is merely a "typo" or misspelling of Complainant's famous mark).

The domain in issue herein and Complainants' mark are confusingly similar in look, sound, meaning and commercial impression.

Because of the use of Complainants' mark in the corresponding Infringing Domain, consumers are likely to believe that Respondent's site (which features links to alcoholic beverages) is owned by or somehow sponsored by, licensed by, or otherwise associated with one or both of the Complainants. *See*, Sartor/Merriman Decl. ¶¶ 15, 19 and 20 and Exhibits 6 and 7 thereto.

Complainants have legitimate rights in the "RUFFINO" and <ruffino.com> mark and name and have priority over the Respondent. Complainant's U.S. trademark Reg. No. 1265231 for "RUFFINO" for "wine," alone is sufficient to prove Complainant's rights in the "RUFFINO" trademark for the purposes of this element. *See Koninklijke KPNN.V v. Telepathy, Inc.*, D2000-0217 (WIPO May 7, 2001); *Intel Corp. v. Macare*, FA 660685 (NAF Apr. 26, 2006) (rights established by registration with USPTO); and *Trip Network Inc. v. Alviera*, FA 914943 (NAF Mar. 27, 2007) (federal registration adequate to establish rights).

Complainant's mark and name have achieved a high level of distinctiveness and fame by continuous use for 140 years, and sales in the multiple millions of dollars/euros. *See*, Sartor/Merriman Decl. ¶¶ 9-15 and Exhibits 4 and 5 thereto.

By virtue of its trademark registrations, domain name registration, and its long-time use of the "RUFFINO" trademark, service mark and trade name on and in association with wine and with winery services (including without limitation wine tasting room/wine bar services), Complainants own exclusive rights in and to the mark and name "RUFFINO" for said goods and related goods and services. Complainants have valid, superior and prior rights in and to the RUFFINO trademark and trade name.

The domain name in issue (i.e., *rufino.com*) is confusingly similar to Complainants' "RUFFINO" trademark, trade name and service mark and to Complainants' *ruffino.com* domain name.

As a result of the subject domain name and Complainants' mark being nearly identical and confusingly similar, consumers are likely to believe that Respondent is Complainant or is somehow sponsored by or associated with Complainants. Confusion and deception is the only result.

Complainants have satisfied their obligations of proof under UDRP Policy ¶ 4(a)(i).

### [7.][b.] <u>Respondent Has No Legitimate Rights or Interests in the Domain Name</u>.

The WHOIS database lists the "Registrant" as "Stanley Pace." Respondent's name bears no similarity whatsoever to the domain name in issue, which implies that Respondent is not commonly known by the disputed domain name. *See Coppertown Drive-Thru Sys., LLC v. Snowden*, FA 715089 (NAF July 17, 2006) (concluding that the respondent was not commonly known by domain name where there was no evidence in the record, including the WHOIS information, suggesting that the respondent was commonly known by the disputed domain name); *see also, St. Lawrence Univ. v. Nextnet Tech*, FA 881234 (NAF Feb. 21, 2007).

To Complainants' knowledge after reasonable investigation, the Respondent is not known by and has no legal or bona fide commercial purpose or reason for use of the at-issue domain, has never owned a trademark registration for "RUFINO," alone or in combination with other terms, and has never used the term "Rufino" as a trade name or been incorporated anywhere under said name. The domain name registered by the Respondent serves no purpose other than to attract users to Respondent's holding site by the use of a name confusingly similar to Complainants' RUFFINO trademark and trade name and Complainants' **ruffino.com** domain and associated website. *See*, Sartor/Merriman Decl. ¶ 17.

Further, Respondent's domain registration is long subsequent to the registration date of Complainants' trademark registrations and Complainants' domain registration and website.

Upon information and belief, the Respondent registered the **rufino.com** domain in order to attract potential users/customers to its site for commercial gain, including click-through income or referral fees, by creating a likelihood of confusion with Complainant's mark. Attached to the Sartor/Merriman Declaration as Exhibit "6" is a copy of the web page at **rufino.com** and a copy of screenshot of the same (showing the search bar on the page). The search bar on the page says: "Search Ads." The User either enters information in the search bar or clicks on one of the shown links to be directed elsewhere. This is a standard click-through technique. By inserting the term

"wine" in the search bar on registrant's webpage, one is directed to a list of "Sponsored Listings" for wineries and wine retailers. Attached to the Sartor/Merriman Declaration as Exhibit "7" is a printout of the "Sponsored Listings" page and the link to "wine.com" showing Complainants' RUFFINO wines as well as wines of Complainants' competitors being offered for sale.

Respondent's ownership of the at-issue domain is disrupting Complainants' business by having unsuspecting potential customers land on the Respondent's infringing domain with content that takes them somewhere other than Complainants' website.

Also, as shown in Exhibit "6" to the Sartor/Merriman Declaration - the top of the web page states: "rufino.com – this website is for sale! – rufino Resources and Information." And toward the bottom of the page, after the click-through-links, appears the following: "Buy this domain. This domain may be for sale by its owner." Upon information and belief, the Respondent also registered the domain in issue for the purpose of selling, renting, or otherwise transferring the domain name to Complainant or a competitor of Complainant, for valuable consideration in excess of respondent's out-of-pocket costs directly related to the domain name.

The operation of a website featuring commercial links to third-party websites, through which one receives referral fees is not a bona fide offering of goods or services. *See, Compagnie de Saint Gobain v. Com-Union Corp.*, D2000-0020 (WIPO Mar. 14, 2002); *See also, TM Acquisition Corp. v. Sign Guards*, FA 132439 (Nat. Arb. Forum Dec. 31, 2002); *See also, AltaVista v. Krotov*, D2000-1091 (WIPO Oct. 25, 2000) (Use of a domain name to direct users to other unconnected websites does not constitute a legitimate interest in the domain name); *See also, Disney Enters., Inc. v. Dot Shop*, FA145227 (Nat.Arb.Forum Mar. 17, 2003) (respondent's diversionary use of a typo of Complainant's mark to attract Internet users to its own website, which contains a series of hyperlinks to unrelated websites, is neither a bona fide offering of goods or services nor a legitimate noncommercial or fair use of the disputed domain name).

Further, Respondent's disputed domain name resolves to a parked website. As such, Respondent is not engaging in a *bona fide* offering of goods or services or a legitimate noncommercial or fair use of the disputed domain names under Policy ¶ 4(c)(i) and/or Policy ¶ 4(c)(iii). *See, Devcon Security Services Corp. v. I.C.U. - I.T. DEPT.*, Claim Number: FA1377252 (NAF April 25, 2011). *See also, George Weston Bakeries Inc. v. McBroom*, FA 933276 (NAF Apr. 25, 2007) (finding that the respondent had no rights or legitimate interests in

a domain name under either Policy ¶ 4(c)(i) or Policy ¶ 4(c)(iii) where it failed to make any active use of the domain name).

Respondent is not affiliated with Complainant and has not been licensed or otherwise authorized to register or use the at issue domain. The registration and use of the domain in issue by the Respondent is without Complainants' license, consent or permission. *See*, Sartor/Merriman Decl, ¶ 16.

Complainants have satisfied their obligation of proof under UDRP Policy ¶ 4(a)(ii).

### [7.][c.] <u>Respondent's Registration And Use Are In Bad Faith:</u>

There is sufficient and cumulative evidence of Respondent's bad faith.[1]

1. <u>Prior knowledge of Complainant's registered trademark</u>. Federal registration of a trademark constitutes constructive notice to the world of the existence and validity of the owner/registrant's trademark rights). *See* 15 U.S.C. §1072. *See also, Orange Glo Int'l v. Blume*, FA 118313 (NAF Oct. 4, 2002) (Complainant's OXICLEAN mark was listed on the Principal Register of the USPTO, a status that confers constructive notice on those seeking to register or use the mark or any confusingly similar variation thereof."). Further, given the circumstances of this case, namely the fame and extraordinary market penetration of Complainants' mark and name, actual knowledge may be inferred. *Perot Sys. Corp. v. Perot.net*, FA 95312 (NAF Aug. 29, 2000) (finding bad faith where the domain name in question is obviously connected with the complainant's well-known marks, thus creating a likelihood of confusion strictly for commercial gain). *See also, Ty Inc. v. Parvin*, D2000-0688 (WIPO Nov. 9, 2000) (finding that the respondent's registration and use of an identical and/or confusingly similar domain name was in bad faith where the complainant's BEANIE BABIES mark was famous and the respondent should have been aware of it).

Complainants' extensive sales, advertising, and promotional activities, and the high quality of its products, has resulted in extremely favorable worldwide recognition and acceptance of RUFFINO and its products and services by both the public and the trade. Given the renown and fame of Complainants' RUFFINO mark and name and the near identical term at issue herein,

---

[1] Policy ¶ 4(b) is not an exclusive list of examples of bad faith registration and use of a contested domain name. *See Education Testing Serv. v. TOEFL*, D2000-0044 (WIPO Mar. 16, 2000) (finding that the UDRP "indicates that its listing of bad faith factors is *without limitation*").

Ruffino v Pace - Complaint (Forum) Page 9

it is highly likely that the Registrant was consciously aware of Complainants' mark and name at the time it registered the infringing domain. *See,* Sartor/Merriman Decl. ¶¶ 9-15.

2. There are no corresponding legitimate rights in the mark and name by Respondent.

3. The only difference between the infringing domain in issue, **rufino.***com*, and Complainants' domain **ruffino.com** is the deletion of an "f" which difference is not noticeable in general, is easily overlooked or confused by users/consumers and appears to be nothing more than an intentional typo mark registered by the Respondent. *See,* Sartor/Merriman Decl. ¶ 18.

Typosquatting, in and of itself, is evidence of bad faith registration and use under Policy ¶ 4(a)(iii). *See Internet Movie Database, Inc. v. Temme,* FA 449837 (NAB May 24, 2005) ("Respondent's registration of the domain names in dispute constitutes bad faith because the domain names are merely typosquatted versions of the [complainant's] IMDB mark."); *see also Zone Labs, Inc. v. Zuccarini,* FA 190613 (Nat. Arb. Forum Oct. 15, 2003) ("Respondent's registration and use of [the <zonelarm.com> domain name] that capitalizes on the typographical error of an Internet user is considered typosquatting [and] evidence of bad faith registration and use pursuant to Policy ¶ 4(a)(iii)."). *See also Citing Allstate Insurance Company v. Eduardo Bergel,* FA1392132 (NAF June 30, 2011)(re allstat.org); and *craigslist, Inc. v. Domain Admin / Taranga Services Pty Ltd,* FA 1445358 (July 5, 2012) (deletion of single letter in *craislist.com*).

4. Respondent is using its confusingly similar domain name to intentionally attract and divert Internet users to Respondent's site for commercial gain. Use of a domain name to divert Internet users to one's commercial website to intentionally attract users for commercial gain by using another's trademark and knowledge of complainant's rights in a mark shown by circumstantial evidence are proof of bad faith. *See, H-D Michigan, Inc. v. Petersons Auto,* FA 135608 (Nat. Arb. Forum Jan.8, 2003). Further, and as is evident from Respondent's website in issue, Respondent receives pay-per-click fees or referral fees from third parties for links and/or pay-per-click advertising instead of providing actual content for its website. Further, Respondent's website contains links to third party web sites selling Complainants' RUFFINO wines as well as links to sites selling Complainants' competitor's wines, both of which constitute evidence of likelihood of confusion and bad faith. Respondent's use of a domain name confusingly similar to Complainant's trademark for commercial benefit by receiving pay-per

click fees and/or diverting Internet users to Complainant's website and/or to Complainant's competitors (through website links) is harmful to the business of Complainants, tarnishes Complainants' reputation, diminishes the goodwill of Complainants' mark, and is evidence of bad faith registration. *See, Aetna Inc. v. Compana L.L.C.*, FA330494 (Nat. Arb. Forum Nov. 20, 2004).

5. Respondent's website is otherwise inactive as a substantive site. The failure to connect a disputed domain name with a bona fide active website is evidence of bad faith registration. *See, Microsoft Corporation v. Rodney Mayers c/o REM Holdings*, FA 1363690 (NAF January 19, 2011). *See also, Univision Communications Inc. v. Edmundo Norte c/o Harvardhomeboy.com*, FA1000079 (NAF August 16, 2007) ("Complainant is not required to wait until Respondent's use produces a commercial benefit or causes confusion to complain.").

6. Respondent has also created a substantial likelihood of confusion as to Complainants' source, endorsement, affiliation, and sponsorship of the disputed domain name and corresponding website. *See, TM Acquisition Corp. v. Warren*, FA 204147 (NAF Dec. 8, 2003). The same constitutes bad faith. See, *Hershey Chocolate & Confectionery Corporation v. Jet Stream Enterprises Limited*, FA1252241 (NAF April 27, 2009).

7. Complainants assert that Respondent is presumably paid a fee or commission when Internet users click on the various links displayed on Respondent's resolving website and are redirected to third-party websites. See, e.g., *Amegy Bank National Association v. Charlie Kalopungi*, FA1366687 (NAF February 24, 2011)( use of a confusingly similar domain name to attract Internet users to a directory website containing commercial links to the websites of a complainant's competitors represents bad faith registration and use under Policy ¶ 4(b)(iii)).

8. The Respondent, Stanley Pace, is no stranger to domain proceedings. Attached to the Sartor/Merriman Decl. as Exhibit "8" are a representative number of Forum and WIPO decisions ordering transfer of domains registered by Respondent. In summary:
- *Heraeus Kulzer GmBh v. Whois Privacy Services Pty Ltd / Stanley Pace*, WIPO No. D2016-0245 (May 2, 2016). Order of Transfer of <Kulzer.com>.

- *Yumiko, LLC v. Domain Hostmaster, Customer ID: 445198756647l3, Whois Privacy Services Pty Ltd / Stanley Pace*, WIPO No. D2015-1669 (Dec. 9, 2015). Order of Transfer of <yumiko.com>.
- *Apple Inc. v. Stanley Pace (a.k.a. Jordan Smith, Chris Carter, sunhei.org, Keith Besterson, Shahamat, Staci Michele and Courtney Culbertson) and Fundacion Private Whois,* WIPO No. D2013-1313 (Sept. 30, 2013). Order of Transfer of *inter alia*, <findmyipad.com>, <freeiphonesoft.com>,<ipodcleaner.com>, <ipodtouch5.com>, and <macbook7.com>.
- *Tadano Ltd. v. Stanley Pace / Xaichie Tadano*, WIPO D2013-0865 (Aug. 5, 2013). Order of Transfer of <tadano.com>.
- *Shandong Lingong Construction Machinery Co., Ltd. v. Stanley Pace and Whois Privacy Service Pty Ltd.*, WIPO No. D2012-1626 (Nov. 12, 2012). Order of Transfer of <sdlg.com>.
- *Shoedazzle.com, Inc. v. Stanley Pace*, FA1424616 (March 1, 2012). Order of Transfer of <shoesdazzle.com> and <shoedazle.com>.
- *AutoZone Parts, Inc. v. Stanley Pace*, FA1423984 (Feb. 13, 2012). Order of Transfer of <autozpne.com>.
- *Mahindra & Mahindra Limited v. Stanley Pace*, WIPO No. D2011-2189 (Feb. 19, 2012). Order of Transfer of <mahindraandmahindra.com>.
- *State Farm Mutual Automobile Insurance Company v. Stanley Pace*, FA1429947 (March 30, 2012). Order of Transfer of <statepharm.com>.
- *Sony Kabushiki Kaisha TA Sony Corporation v. Stanley Pace*, FA1415253 (Dec. 15, 2011). Order of Transfer of <sonyentertainment.com>.
- *Assurant, Inc. v. Stanley Pace*, FA1396626 (Aug. 9, 2011). Order of Transfer of <wwwassuranthealth.com>.
- *Tenaris Connections BV v. Stanley Pace*, WIPO No. D2011-1448 (Oct. 14, 2011). Order of Transfer of <tenari.com>.
- *The American Automobile Association, Inc. v. Stanley Pace / Covington & Burling LLP*, WIPO No. D2011-0969 (Aug. 21, 2011). Order of Transfer of <aaaautoacution.com>, <aaalockcompany.com>, and <aaainathens.com>.

- *Weil Cadillac-Hummer, Inc. v. Stanley Pace*, WIPO No. D2010-1711 (Dec. 7, 2010). Order of Transfer of <weilcadillac.com>.
- *Kayak Software Corporation v. Stanley Pace and Micah Smurthwaite*, WIPO No. D2010-1178 (Sept. 16, 2010). Order of Transfer of <sidestep.com>.
- *Viacom International Inc. v. Stanley Pace / M Smurth Wait*, WIPO No. D2010-1149 (Sept. 21, 2010). Order of Transfer of <bobesponja.com>.
- *Starkley Laboratories, Inc. v. Stanley Pace*, WIPO No. D2010-0774 (July 7, 2010). Order of Transfer of <starky.com>.
- *Flow Companies, LLC v. Stanley Pace*, WIPO No. D2010-0651 (June 10, 2010). Order of Transfer of <flowchevrolet.com>.
- *Novartis AG v. Jordan Smith / Stanley Pace*, WIPO No. D2009-1738 (Feb. 25, 2010). Order of Transfer of <nodoz.com>.
- *Kinecta Federal Credit Union v. Stanley Pace*, FA1153943 (May 2, 2008)/ Order of Transfer of <kinecta.com>.
- *The Neiman Marcus Group, Inc. and NM Nevada Trust v. Stanley Pace*, FA820337 (Nov. 20, 2006). Order of Transfer of <neuimmarcus.com>.
- *Baylor University v. Stanley Pace*, FA1370357 (March 8, 2001). Order of Transfer of <baylor.org>.

The Respondent is a repeat infringer and targets famous/well known marks including by use of typos and other confusingly similar variations of marks. Clearly, domains like the following were not inadvertently registered: <sonyentertainment.com>, <findmyipad.com>, <freeiphonesoft.com>, <ipodcleaner.com>, <ipodtouch5.com>, and <macbook7.com>. And, typo-domains such as <autozpnecom> in the AutoZone case and <neuimmarcus.com> in the Neiman Marcus case were not inadvertent.

9. The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory. *See, Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (NAF July 31, 2000); and *Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000).

Complainant has satisfied the proof requirements of UDRP Policy ¶ 4(a)(iii).

[8.] **REMEDY SOUGHT:** The Complainants request that the Panel issue a decision that the domain-name registration be transferred to Complainant, Constellation Brands, Inc.

[9.] **OTHER LEGAL PROCEEDINGS:** No other legal proceedings have been commenced or terminated in connection with or relating to any of the domain name(s) that are the subject of the complaint.

[10.] **MUTUAL JURISDICTION:** The Complainants will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name to the location *where the Respondent is located, as shown by the address given for the domain name holder in the Whois Database at the time of the submission of the Complaint to FORUM.* UDRP Rule 3(b)(xiii).

[11.] **CERTIFICATION**

Complainants agree that their claims and remedies concerning the registration of the domain name, the dispute, or the dispute's resolution shall be solely against the domain-name holder and waives all such claims and remedies against (a) the FORUM and panelists, except in the case of deliberate wrongdoing, (b) the registrar, (c) the registry administrator, and (d) the Internet Corporation for Assigned Names and Numbers, as well as their directors, officers, employees, and agents.

Complainants certify that the information contained in this Complaint is to the best of Complainants' knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

Respectfully Submitted,

Date: June 6, 2017

_____
John M. Rannells, Esq.
Baker and Rannells PA
Attorneys for Complainants
92 East Main St., Suite 302
Somerville, New Jersey 08876
908-722-5640
jmr@br-tmlaw.com