**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STANLEY PACE, an individual, | § § | |
| Plaintiff, Counter Defendant, | § § | Case No. 4:17-cv-00518 |
| v. | § § | |
| CONSTELLATION BRANDS, INC., a New York Corporation, and its wholly owned subsidiary RUFFINO S.r.L., | § § § § § | |
| Defendants, Counter Plaintiffs. | § | |

**STANLEY PACE'S RESPONSE & BRIEF IN OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

       Page

I.    INTRODUCTION ................................................................................................. 1

II.   THE STANDARD FOR TEMPORARY INJUNCTIVE RELIEF..................................... 1

    A.    Constellation cannot show a substantial likelihood of success on the merits. ........ 2

        1.    Constellation fails to identify any specific claim for which it seeks to show a likelihood of success on the merits. ....................................................... 2

        2.    Constellation cannot show a likelihood of success on the merits for any claim under federal or state law. ............................................................... 3

        3.    The Requirements of 11 U.S.C. § 1125. ..................................................... 4

        4.    Pace is in the business of selling domain names and rufino.com is in the public domain. ........................................................................................... 6

    B.    Constellation failed to demonstrate any remote potential for suffering irreparable harm. ..................................................................................................................... 7

        1.    Constellation has not alleged actual harm ................................................. 7

        2.    The rufino.com domain name is disabled. .................................................. 8

    C.    Greater injury will not result from denying the preliminary injunction. .............. 10

    D.    The Relief sought by Constellation is not in the public interest. .......................... 10

III.  CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

*Cases*

*Allied Marketing Group, Inc. v. CDL Marketing, Inc.*,
    878 F.2d 806 (5th Cir. 1989) .................................................................................................. 2

*Canal Authority v. Callaway*,
    489 F.2d 567 (5th Cir. 1974) .................................................................................................. 2

*Clark v. Prichard*,
    812 F.2d 991 (5th Cir. 1987) .................................................................................................. 2

*Consolidated Restaurant Operations, Inc. v. National Processing Co.*,
    2002 WL 1432469 (N.D. Tex. 2002) ..................................................................................... 8

*Daste v. Elegalsupply.com, LLC*,
    No. 12-1446, 2012 U.S. Dist. LEXIS 164880 (E.D. La. Nov. 19, 2012) .............................. 9

*DFW Metro Line Services v. Southwestern Bell Telephone Co.*,
    901 F.2d 1267 (5th Cir.) ......................................................................................................... 8

*Doran v. Salem Inn, Inc.*,
    422 U.S. 922 (1975) ............................................................................................................... 2

*Gonannies, Inc. v. Goupair.Com, Inc.*,
    464 F. Supp. 2d 603 (N.D. Tex. 2006) .................................................................................. 8

*Half Price Books, Records, Magazines, Inc. v. Barnesandnoble.com, LLC*,
    2003 WL 23175432 (N.D. Tex. 2003) ................................................................................... 5

*Mississippi Power and Light Co. v. United Gas Pipeline*,
    760 F.2d 618 (5th Cir. 1985) .................................................................................................. 2

*New Dana Perfumes Corp v The Disney Store Inc.*,
    131 F. Supp. 2d 616 (M.D. Pa. 2001) .................................................................................... 8

*Sallen v. Corinthians Licenciamentos LTDA*,
    273 F.3d 14 (1st Cir. 2001) ............................................................................................. 1, 10

*Southern. Co. v. Dauben Inc.*,
    324 F. App'x 309 (5th Cir. 2009) .......................................................................................... 6

*Sport Supply Group, Inc. v. Columbia Casualty Company*,
    335 F.3d 453 (5th Cir. 2003) .................................................................................................. 9

*Valley v. Rapides Parish Sch. Bd.*,
    118 F.3d 1047 (5th Cir. 1997) ...................................................................................................2

## *Other Authorities*

15 U.S.C. §1114(2)(D)......................................................................................................................1

15 U.S.C. § 1125..................................................................................................................1, 5, 7

TEX. BUS. & COMM. CODE § 16.102(a)(1)-(2) ................................................................................3

Plaintiff/Counter-Defendant Stanley Pace ("Pace") files this his Response & Brief in Opposition to Application for Temporary Restraining Order and Preliminary Injunction filed by Defendants/Counter-Plaintiffs Constellations Brands, Inc. and its wholly owned subsidiary Ruffino S.r.L. (collectively "Constellation").

## I. INTRODUCTION

This is an action for declaratory judgment pursuant to the trademark laws of the United States and the Anticybersquatting Consumer Protection Act ("ACPA"). 15 U.S.C. § 1125(d); 15 U.S.C. § 1114(2)(D).[1] Pace is the registrant of the internet domain name rufino.com. This lawsuit was initiated by Pace after the rufino.com domain name was suspended by its registrar after Constellation filed an improper action under the Uniform Domain Name Dispute Resolution Policy (UDRP).

Constellation filed an Application for Temporary Restraining Order and Preliminary Injunction on November 3, 2017. [Doc. No. 18]. This application should be denied because Constellation failed to demonstrate (1) that it can show a substantial likelihood of success on the merits; (2) that it will suffer irreparable harm absent injunctive relief; (3) that the balance of hardships tilts in its favor; and (4) the public interest is served by granting injunctive relief.

## II. THE STANDARD FOR TEMPORARY INJUNCTIVE RELIEF

To prevail on its application for a preliminary injunction, Constellation must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm exists for which it has no adequate remedy at law; (3) that greater injury will result from denying the preliminary injunction than from its being granted; and that (4) a

---

[1] The enactment of the ACPA also created a protection for registrants to counteract abusive behavior by trademark holders. *See, Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 29 (1st Cir. 2001).

preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc).

The party seeking such relief must prove each of the four elements enumerated before a temporary restraining order can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Such relief is an extraordinary remedy which should only be granted if the movant has clearly carried its burden of persuasion on all of the four factors. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) ("A preliminary injunction is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors.")

**A.  Constellation cannot show a substantial likelihood of success on the merits.**

Constellation cannot demonstrate a substantial likelihood of success on the merits of the counterclaims. To satisfy this requirement for entitlement to injunctive relief, Constellation must demonstrate a likelihood it will succeed on the merits of its counterclaim(s). *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). To determine the likelihood of success on the merits, the court should look to the standards provided by the substantive law. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Thus, the first hurdle to achieving this extraordinary relief are the elements under Constellation's causes of action. This hurdle also represents the first ground upon which Constellation's request for injunctive relief should be denied.

**1.  Constellation fails to identify any specific claim for which it seeks to show a likelihood of success on the merits.**

Constellation asserted a variety of causes of action against Pace based upon federal and Texas state law in the counterclaims it filed on October 10, 2017. [Doc. No. 10]. However, Constellation's Application for Temporary Restraining Order and Preliminary Injunction fails to

identify any specific claim for which it seeks to show a likelihood of success on the merits. [Doc. No. 18 at ¶ 17-20].

Constellation's Application is devoid of any discussion as to which claim it asks this Court to find a showing of likelihood of success on the merits, and the Application is similarly devoid of any discussion as to any specific element of any specific claim its evidence satisfies. Constellation's failure to identify any specific claim for which it asserts a likelihood of success is not accidental, because it cannot show a likelihood of success on the merits on any of the counterclaims it filed.

### 2. Constellation cannot show a likelihood of success on the merits for any claim under federal or state law.

In order for Constellation to satisfy this particular factor for injunctive relief, Constellation must show that it is likely to succeed on the merits of its claims asserted under 11 U.S.C. § 1125 or under TEX. BUS. & COMM. CODE § 16.102. As a threshold matter, Constellation must establish that the domain name contains false or misleading statements and that such statements are used in connection with advertising goods or services. *See, e.g.,* TEX. BUS. & COMM. CODE § 16.102(a)(1)-(2).[2]

Constellation unequivocally conceded that the Domain Name is disabled and inoperable. *See* Doc. No. 18 at ¶ 14 ("[…] [the Domain Name] now states '*services for this domain have been discontinued*' and [the Domain Name] is not currently listed for sale […]." (emphasis added). This

---

[2] TEX. BUS. & COMM. CODE § 16.102(a) reads as follows:

> […] a person commits an infringement if the person:
> (1) without the registrant's consent, uses anywhere in this state a reproduction, counterfeit, copy, or colorable imitation of a mark […] *in connection with selling, distributing, offering for sale, or advertising goods or services* […]; or
> (2) reproduces, counterfeits, copies, or colorably imitates a mark registered under this chapter and applies the reproduction, counterfeit, copy, or colorable imitation to a label […] or advertisement *intended to be used in selling or distributing, or in connection with the sale or distribution of, goods or services in this state*. (emphasis added).

is verified by simply typing "rufino.com" into any web browser which will direct the viewer to this page:



The Domain Name makes no statement or representation at all, save for the statement that it is discontinued. There is simply no statement that Constellation can identify that is false or misleading, and no evidence whatsoever that the domain name is being used in connection with the sale of commercial goods or services. Left without any statement or representation on the website to identify as false or misleading, and without any suggestion that the website is for sale or used for the sale of commercial goods or services, Constellation has nothing to present to the Court as evidence that it can carry any likelihood of success on the merits of any claim asserted. Constellation's application for injunctive relief is therefore improper and should be denied.

      3.      **The Requirements of 11 U.S.C. § 1125.**

At a minimum, Constellation must also demonstrate some form of trademark infringement before it can make out a claim under its anticybersquatting and state law causes of action. But, in order to recover on a claim under 15 U.S.C. § 1125(a), Constellation must show: (1) a false statement of fact by Pace in a commercial advertisement about Pace's own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its

audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) Pace caused the false statement to enter interstate commerce; and (4) the Counter-Plaintiffs have been or are likely to be injured as a result of the false statement, either by direct diversion of sales from itself to Pace or by a lessening of the goodwill associated with its products. Constellation has not met this burden nor can it. While Constellation has alleged some of these elements, it has not provided evidence to support each element. Without proper evidence, these elements simply have no support and Constellation cannot demonstrate that it is likely to be successful on the merits of its underlying action.

Additionally, Constellation has failed to present any evidence of actual confusion, given the generic nature of the alleged mark. This omission is fatal to an application of a preliminary injunction. *Half Price Books, Records, Magazines, Inc. v. Barnesandnoble.com, LLC*, 2003 WL 23175432 (N.D. Tex. 2003).

Similarly, under 15 U.S.C. § 1125(c), Constellation must, among many other elements, be able to demonstrate that Pace commenced using "a mark or trade name in commerce." But offering a domain name for sale is not the same as using a trademark. While Pace was able to monetize the domain name while it was parked, this is not the same as using a mark or trade name because it was not associated with any good or service being offered for sale.

Finally, 15 U.S.C. § 1125(d)(1)(B)(i) (the "Anticybersquatting Consumer Protection Act" or "ACPA") sets forth a non-exhaustive list of nine factors for the court to consider in determining whether a defendant registered a domain name with a bad faith intent to profit. Constellation has failed to address any of these factors. Additionally, there can be no bad faith intent where ACPA's fair use safe harbor applies, yet Constellation has failed to address any of Pace's allegations related to his good faith belief that "Rufino" is a surname and has an identity apart from a mere misspelling

of Constellation's trademark. *See, Southern. Co. v. Dauben Inc.*, 324 F. App'x 309, 313 (5th Cir. 2009) ("Bad faith intent . . . shall not be found in any case in which the court determines that the [domain name owner] believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful.").

    **4.**    **Pace is in the business of selling domain names and rufino.com is in the public domain.**

The most fatal flaw in Constellation's counterclaims is the fact that many other individuals, businesses, and municipalities—potentially thousands—have superior rights to the name "Rufino." A quick search of the World Intellectual Property Organization's Global Brand Database shows that there are 15 individual trademark registrations or applications for "Rufino" and 32 more for trademarks containing the word.[3] Additionally, the TMview database lists 118 individual entries.[4] Printouts of these two databases are attached as Exhibits A and B. Therefore, it is disingenuous for Constellation to assert that "rufino" is merely a misspelling of Constellation's trademark or that Pace has intentionally targeted them for typosquating.

Additionally, "Rufino" is a popular surname and a geographic location. A quick search of the internet shows that:

- Rufino Segovia del Burgo is a Spanish football player (known simply as Rufino);[5]
- Fladimir Rufino Piazzi Júnior, is a Brazilian footballer;[6]
- Rufino Tamayo was a Mexican painter;[7]
- Rufino Jiao Santos was a Filipino Cardinal of the Roman Catholic Church;[8]
- Rufino Jose Cuervo was a Colombian writer;[9]
- The Rufino family is an influential dynasty of business owners, politicians, and philanthropists in the Philippines;[10]

---

[3] http://www.wipo.int/branddb/en/?q={"searches":[{"te":"rufino","fi":"BRAND"}]}
[4] https://www.tmdn.org/tmview/bookmark?q=tm%3Arufino#
[5] https://en.wikipedia.org/wiki/Rufino_Segovia_del_Burgo
[6] https://en.wikipedia.org/wiki/Fladimir_Rufino_Piazzi_J%C3%BAnior
[7] https://en.wikipedia.org/wiki/Rufino_Tamayo
[8] https://en.wikipedia.org/wiki/Rufino_Santos
[9] https://en.wikipedia.org/wiki/Rufino_Jos%C3%A9_Cuervo
[10] https://en.wikipedia.org/wiki/Rufino_family

- De La Salle University has a Rufino campus;[11]
- There are several Rufino Pacific Towers in the world—one of which is the tallest building in the Philippines;[12]
- Rufino is a city in the province of Santa Fe, Argentina;[13] and
- A restaurant in La Fortuna, San Carlos, Costa Rica[14]

This list represents less than the first page of a google search for "rufino." Any person or entity related to this list would have a legitimate interest in purchasing this domain from Pace and have a superior claim to the name than Constellation's claim that it is a "misspelling" of its trademark. The free market is quite efficient at deciding who is the most interested in owning a particular domain name. Domain names are personal property that may be bought and sold like any other personal property. However, if Constellation were to short circuit the free market and gain this domain through an improper use of the U.S. judiciary, the Rufinos of the world will be incapable of acquiring it on the free market. These facts also support Pace's safe harbor defense because these facts each provide "reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." *See*, 15 U.S.C. § 1125(d)(1)(B)(ii).

**B.     Constellation failed to demonstrate any remote potential for suffering irreparable harm.**

**1.     Constellation has not alleged actual harm**

Constellation's sole basis for alleging irreparable harm consists of the following statement contained in its Application for Temporary Restraining Order and Preliminary Injunction: "If the [domain name] is transferred, leased, or sold to a party related to Pace or a third party, Applicants will have to take additional steps to obtain the [domain name] from a new owner, which will likely spur additional litigation that will waste valuable time for the judiciary." Doc. No. 18 at ¶ 22.

---

[11] *Id*.
[12] *Id*. *see also*, https://en.wikipedia.org/wiki/Rufino_Pacific_Tower
[13] https://en.wikipedia.org/wiki/Rufino,_Santa_Fe
[14] http://www.donrufino.com/

Although the statement may be probative on the issue of judicial economy, the statement is devoid of any assertion of injury beyond "taking additional steps." *Id*. At best, this is a case for monetary damages. If Constellation could make a showing of actual confusion to some degree, then money damages would be adequate (if it cannot make such a showing it has no likelihood of prevailing on the merits). Where money damages are adequate, there is no irreparable injury. *Consolidated Restaurant Operations, Inc. v. National Processing Co*., 2002 WL 1432469, *3 (N.D. Tex. 2002); *DFW Metro Line Services v. Southwestern Bell Telephone Co*., 901 F.2d 1267, 1269 (5th Cir.) (per curiam) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff."), cert. denied, 498 U.S. 985 (1990).

And as discussed above, this argument improperly assumes that Constellation has rights to the domain name superior to any other party who might want to purchase the domain on the free market.

Finally, it is well settled that a delay in filing a request for injunctive relief generally nullifies any allegation of irreparable harm and results in the denial of a preliminary injunction. *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (denying TRO and preliminary injunction where trademark holder delayed six months before seeking injunctive relief). Other courts have recognized that, in the trademark infringement context, "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *New Dana Perfumes Corp v The Disney Store Inc.*, 131 F. Supp. 2d 616, 630 (M.D. Pa. 2001). In this case, Constellation has been aware of the rufino.com domain name at least since the day they filed a UDRP complaint on June 6, 2017.

  **2.  The rufino.com domain name is disabled.**

The existence of the rufino.com domain name is not currently causing Constellation any harm. By their own admission, the rufino.com domain name is entirely disabled. A trademark is

not a property right to exclude all others from using words, but rather it is a label "that identifies and distinguishes a particular product." *Sport Supply Group, Inc. v. Columbia Casualty Company*, 335 F.3d 453, 461 (5th Cir. 2003). Ignoring this principle, Constellation asserts that the rufino.com domain name "now states 'services for this domain have been discontinued' and 'rufino.com' is not currently listed for sale." [Doc. No. 18 at ¶ 14]. Thus, it is undisputed that the rufino.com domain name is disabled and poses no risk of harm to Constellation.

This case was filed by the Plaintiff because the Defendants had filed an action under the Uniform Domain Name Dispute Resolution Policy (UDRP). That Policy is still in effect and governs the domain Registrar:

> If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

UDRP, ¶ 4 k "*Availability of Court Proceedings*" (Exhibit 1).[15]

---

[15] While Constellation provides a great amount of detail regarding the UDRP panel decision, decisions made by UDRP panels are not binding on this Court and should not be given any deference. *Daste v. Elegalsupply.com, LLC*, No. 12-1446, 2012 U.S. Dist. LEXIS 164880, at *5 (E.D. La. Nov. 19, 2012) (quoting *Barcelona.com, Inc. v Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir 2003). "any decision made by a panel under the UDRP is no more than an agreed-upon administration that is not given any deference under the ACPA.").

Therefore, the Registrar of the rufino.com domain name, (in this case Fabulous.com) must maintain a lock of the domain name so that it cannot be transferred or sold until this litigation is final. As the initiating party to the UDRP action, Constellation was aware of this Policy and that the domain name Rufino.com cannot be transferred during the pendency of this lawsuit. Therefore, Constellation effectively already has the relief it is seeking—making this application moot.

C.   **Greater injury will not result from denying the preliminary injunction.**

Constellation has alleged that "if the . . . Domain is transferred, leased or sold to a party related to Pace or a third-party, Applicants will have to take additional steps to obtain the Infringing Domain from a new owner. [Doc. No. 18 at ¶ 24]. However, this argument assumes that (1) the domain could be sold or transferred, which as discussed above cannot happen; and (2) that the third party that might purchase the domain would have an inferior claim to lawful use of the domain name. These false premises do not support the granting of a preliminary injunction.

D.   **The Relief sought by Constellation is not in the public interest.**

As discussed above, there are likely thousands of potential customers who might want to purchase the domain name rufino.com and who also have a legitimate claim, not only to lawfully use the domain, but also in the trademark for the word "Rufino." In fact, there are at least 118 independent recordations of "Rufino" being claimed as or in a trademark—three of which are from the U.S. (Exhibit A). And this list only represents those that have filed for registrations. Any one of these companies has a right to bid on the domain name rufino.com. Thus, the public interest will be disserved by allowing Constellation to bypass the free market and secure a domain name that others could lawfully use. *See, Sallen*, 273 F.3d at 17 ("Some trademark owners, however, may find accusations of cybersquatting a convenient way to bypass legitimate disputes over trademark rights.").

Finally, the fact that an injunction will not change the status quo is evidence that it is unnecessary. The rufino.com domain name has been disabled in accordance with the UDRP and cannot be transferred until this dispute is resolved. Constellation's Application for Temporary Restraining Order and Preliminary Injunction is not only moot but also frivolous. Thus, it can be inferred that this application was brought for an improper purpose. This misuse of the judicial process in not in the public interest. While the expedited nature of this application precludes Pace from filing a motion for sanctions under Rule 11, the Court may *sua sponte* issue a show cause order requiring Constellation to demonstrate that this application served some purpose other than to harass Pace and cause him to incur unnecessary legal expenses.

### III. CONCLUSION

Constellation is not entitled to relief under a trademark theory every time a third party uses the terms "ruffino," "rufino," or a similar word without reference to any goods or services covered by the registered trademark. As he is in the business of selling domain names, Pace has a legitimate interest in rufino.com and in selling domain names to any person or entity that can lawfully use it. Thus, Constellation is not likely to succeed on the merits of its claims. But more importantly—for the analysis of Constellation's application for extraordinary relief—it is impossible for Pace to transfer or sell the domain name during the pendency of this action and therefore the relief sought by Constellation is moot. Thus, there is simply no way that Constellation can suffer irreparable harm. Moreover, given the delay in seeking any injunctive relief, it would be inequitable to grant any type of temporary injunctive relief to Constellation. And since the relief Constellation is seeking will not change the status quo, this application is not only moot but also frivolous. Finally, the public interest—in this case, worldwide public interest—will not be served by this injunction because there are thousands of potential purchasers of this domain name who would have superior rights to those of Constellation. The free market is the single greatest allocator of scarce resources

ever devised by man. Constellation should not be permitted to abuse the U.S. judicial system in order to bypass the free market. Therefore, a preliminary injunction should not be granted.

Dated: November 22, 2017

Respectfully submitted,

/s/ Darin Klemchuk
**Darin Klemchuk**
Texas Bar No. 24002418
darin.klemchuk@klemchuk.com
**Brian Casper**
Texas Bar No. 24075563
brian.casper@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway, 10th Floor
Dallas, Texas. 75206
Tel: 214-367-6000
Fax: 214-367-6001

LAW OFFICE OF HOWARD NEU, P.A.
**Howard Neu** (Florida Bar No. 108689)
Admitted Pro Hac Vice
howard@neulaw.com
4839 S.W. Volunteer road, Suite 512
Southwest Ranches, Florida 33330
Telephone: 954-662-1816
Facsimile: 954-337-2324

***ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT STANLEY PACE***

**CERTIFICATE OF SERVICE**

      I certify that on November 22, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the Court.

      /s/ Darin Klemchuk
      Darin Klemchuk