**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| STANLEY PACE, an individual | § § | |
| Plaintiff, Counter Defendant | § § | Case No. 4:17-cv-00518 |
| v. | § § | |
| CONSTELLATION BRANDS, INC., a New York Corporation, and its wholly owned subsidiary RUFFINO S.r.L. | § § § § | |
| Defendants, Counter Plaintiffs | § | |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

Plaintiff, Stanley Pace, files this Answer to the Counterclaim [Dkt. 12]:

## I. NATURE OF THE CASE

1.    Plaintiff admits that the Defendants have filed a Counterclaim for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*; for dilution under the Federal Trademark Dilution Act, 15 U.S.C. §1125 (c); for violations of the Anticybersquatting Consumers Protection Act, 15 U.S.C.§1115(d); for dilution under Tex. Bus. and Comm. Code §16.102; and for unfair competition under the common law. Plaintiff denies the validity of all such assertions and denies that Defendants are entitled to recovery. Plaintiff specifically denies that he infringed upon Defendants' mark "RUFFINO" through his registration of "Rufino.com;" specifically denies that he is in violation of the Anticybersquatting Consumers Protection Act, 15 U.S.C.§1125(d); and that the Defendants are not entitled to preliminary and permanent injunctive relief, declaratory relief, damages or attorneys' fees and costs.

## II. THE PARTIES

2.    Plaintiff admits the allegations of paragraph 2 of the Counterclaim.

3. Plaintiff admits the allegations of paragraph 3 of the Counterclaim.

4. Plaintiff admits the allegations of paragraph 4 of the Counterclaim.

### III.     JURISDICTION AND VENUE

5. Plaintiff admits the allegations of paragraph 5 of the Counterclaim.

6. Plaintiff admits the allegations of paragraph 6 of the Counterclaim.

7. Plaintiff admits the allegations of paragraph 7 of the Counterclaim.

### IV.     BACKGROUND AND FACTS

8. Plaintiff lacks knowledge and information sufficient to determine that RUFFINO SRL is a wholly owned subsidiary of CONSTELLATION BRANDS, INC.; that RUFFINO is the owner of the trademarks cited in paragraph 8 of the Counterclaim; that the Defendants are the registrants of the domain name "Ruffino.com"; and that the domain name has served as an active web site for Defendants' wine business, and therefor denies same.

9. Plaintiff has no knowledge or information sufficient to determine the truthfulness and accuracy of the allegations contained in paragraph 9 of the Counterclaim and therefor denies same.

10. Plaintiff has no knowledge or information sufficient to determine the truthfulness and accuracy of the allegations contained in paragraph 10 of the Counterclaim and therefor denies same.

11. Plaintiff has no knowledge or information sufficient to determine the truthfulness and accuracy of the allegations contained in paragraph 11 of the Counterclaim and therefor denies same.

12. Plaintiff admits that he registered the domain name "Rufino.com" in 2012, but has no knowledge or information sufficient to determine the truthfulness and accuracy of the allegations contained in the rest of the first sentence of paragraph 12 of the Counterclaim and therefor denies

same. The Plaintiff specifically denies each and every additional allegation in paragraph 12 and demands strict proof thereof.

13. Plaintiff admits that the Defendants own the "RUFFINO" mark, but specifically denies each and every additional allegation in paragraph 13 and demands strict proof thereof.

14. Plaintiff denies each and every allegation in paragraph 14 and demands strict proof thereof.

15. Plaintiff denies each and every allegation in paragraph 15 and demands strict proof thereof.

16. Plaintiff denies each and every allegation in paragraph 16 and demands strict proof thereof.

17. Plaintiff admits that he owns over 10,000 domain names, but Plaintiff denies each and every allegation in paragraph 17 and demands strict proof thereof.

18. Plaintiff admits the allegations of paragraph 18, but, pursuant to U.S.C.§1125(d), this is a *de novo* cause of action and "any decision made by a panel under the UDRP is no more than an agreed-upon administration that is not given any deference under the ACPA." *See, Daste v. Elegalsupply.com, LLC*, NO. 12-1446, 2012 U.S. Dist. LEXIS 164880, at *5 (E.D. La. Nov. 19, 2012); *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir 2003).

## V. CAUSES OF ACTION AND DAMAGES

### Count I: Violations of 15 U.S.C. §1114

19. Plaintiff incorporates by reference each and every answer and response to paragraphs 1 through 18 above.

20. Plaintiff denies each and every allegation in paragraph 20 and demands strict proof thereof.

21. Plaintiff denies each and every allegation in paragraph 21 and demands strict proof thereof.

**Count II: Violations of 15 U.S.C. §1125(a)**

22. Plaintiff incorporates by reference each and every answer and response to paragraphs 1 through 21 above.

23. Plaintiff denies each and every allegation in paragraph 23 and demands strict proof thereof.

24. Plaintiff denies each and every allegation in paragraph 24 and demands strict proof thereof.

**Count III: Violations of 15 U.S.C. §1125 (c)**

25. Plaintiff incorporates by reference each and every answer and response to paragraphs 1 through 24 above.

26. Plaintiff denies each and every allegation in paragraph 26 and demands strict proof thereof.

27. Plaintiff denies each and every allegation in paragraph 27 and demands strict proof thereof.

**Count IV: Violations of 15 U.S.C. §1125 (d) and Request for Declaratory Judgment**

28. Plaintiff incorporates by reference each and every answer and response to paragraphs 1 through 27 above.

29. Plaintiff denies each and every allegation in paragraph 29 and demands strict proof thereof.

30. Defendants are not entitled to the relief that they are seeking under the Anticybersquatting Consumers Protection Act, 15 U.S.C. §1125(d) and therefore Plaintiff denies all allegations in paragraph 30 and demands strict proof thereof.

31. Defendants are not entitled to the relief that they are seeking under 15 U.S.C. §§1116, 1125, nor are they entitled to relief under 15 U.S.C. §1117 and therefore Plaintiff denies all allegations in paragraph 31 and demands strict proof thereof.

**COUNT V: Violations of Tex. Bus. & Comm. Code § 16.102**

32. Plaintiff incorporates by reference each and every answer and response to paragraphs 1 through 31 above.

33. Plaintiff denies each and every allegation in paragraph 33 and demands strict proof thereof.

34. Defendants are not entitled to the relief that they are seeking under Tex. Bus. & Comm. Code § 16.102 and therefore Plaintiff denies all allegations in paragraph 34 and demands strict proof thereof.

**Count VI: Violations of Tex. Bus. & Comm. Code § 16.103**

35. Plaintiff incorporates by reference each and every answer and response to paragraphs 1 through 34 above.

36. Plaintiff denies each and every allegation in paragraph 36 and demands strict proof thereof.

37. Defendants are not entitled to the relief that they are seeking under Tex. Bus. & Comm. Code § 16.103 and therefore Plaintiff denies all allegations in paragraph 37 and demands strict proof thereof.

### VI. CONDITIONS PRECEDENT

38. Plaintiff denies each and every allegation in paragraph 38 and demands strict proof thereof.

### VII: ATTORNEY FEES and INTEREST

39. Plaintiff denies that Defendants are entitled to attorneys' fees and interest.

40. Plaintiff denies that Defendants are entitled to pre-judgment attorneys' fees and interest. Plaintiff further denies that the Defendant is entitled to any of the relief sought.

### AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative and other defenses, without admitting any allegation of the Counterclaim not otherwise admitted, and without assuming the burden when such burden would otherwise be on Defendant. Plaintiff reserves the right to assert any other defenses that its ongoing fact investigation or discovery may reveal against the Defendant.

1.	Pursuant to Fed. R. Civ. Pro. 12(b)(6), the Counterclaim fails to state a claim upon which relief can be granted.

2.	Attorney's fees are not recoverable by the Defendant.

3.	If Defendant sustained any damages, those damages were caused by its failure to mitigate.

4.	Defendant is barred from recovery, in whole or in part, by the doctrine of laches and acquiescence.

5.	Defendant is barred from recovery, in whole or in part, by reason of its inequitable conduct and unclean hands.

Dated: November 30, 2017

Respectfully submitted,

/s/ Darin Klemchuk
**Darin Klemchuk**
Texas Bar No. 24002418
darin.klemchuk@klemchuk.com
**Brian Casper**
Texas Bar No. 24075563
brian.casper@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway, 10th Floor
Dallas, Texas. 75206
Tel: 214-367-6000
Fax: 214-367-6001

LAW OFFICE OF HOWARD NEU, P.A.
**Howard Neu** (Florida Bar No. 108689)
Admitted Pro Hac Vice
howard@neulaw.com
4839 S.W. Volunteer road, Suite 512
Southwest Ranches, Florida 33330
Telephone: 954-662-1816
Facsimile: 954-337-2324

***ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT STANLEY PACE***

## **CERTIFICATE OF SERVICE**

I certify that on November 30, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the Court.

/s/ Darin Klemchuk
Darin Klemchuk