**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **STANLEY PACE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:17-cv-00518** |
| | § | |
| **CONSTELLATION BRANDS, INC. and** | § | |
| **RUFFINO S.R.L.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Constellation Brands, Inc. ("CBI") and Ruffino

S.r.L.'s ("Ruffino") (collectively, "Defendants") Application for Temporary Restraining Order

and Preliminary Injunction (the "Application") (Dkt. 18). Plaintiff Stanley Pace ("Plaintiff") has

opposed the request. *See* Dkt. 25. Upon consideration, the Court finds that Defendants' Application

(Dkt. 18) should be **GRANTED**.

## I.    BACKGROUND

Plaintiff is an individual residing in Flower Mound, Texas, who states he is in the business

of purchasing and registering thousands of internet domain names. *See* Dkt. 4 at ¶¶ 4, 11. Plaintiff

claims he purchased the domain name "rufino.com" for a cost of $843.00 at some time in 2012.

*See id.* at ¶ 10. Defendant Ruffino is a well-known wine company connected to the Ruffino

Winery, founded in Italy in 1877. *See* Dkt. 18 at 6. Defendant Ruffino has continuously sold wines

in the United States since 1933 and is currently the second largest wine brand by dollar sales in

the United States. *See id.* at 5-7. Defendant Ruffino is also the owner of, *inter alia*, trademark

registrations for the "RUFFINO" trademark in the United States, Italy, Canada, the United

Kingdom, and several other countries. *See id.* at 5-6. Defendant CBI, the parent company of Defendant Ruffino, has been the registered owner of the domain name "ruffino.com" since October 2012. *See id.* at 6. Prior to October 2012, and since at least as early as 1998, "ruffino.com" was registered to Defendant Ruffino. *See id.*

On June 6, 2017, Defendants filed a complaint against Plaintiff alleging that Plaintiff was illegally "typo-squatting" on the "rufino.com" domain name; the complaint initiated an arbitration proceeding against Plaintiff with the National Arbitration Forum ("NAF") in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP"). *See* Dkt. 4 at ¶ 17. On July 20, 2017, the NAF rendered a decision (the "NAF Decision") holding that Plaintiff acted in bad faith under the UDRP, and requiring Plaintiff to transfer the domain name, "rufino.com," to Defendants. *See* Dkt. 18-2 at 15-16.

In response to the NAF Decision, Plaintiff filed this lawsuit seeking a declaratory judgment under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and relief for reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v). On October 11, 2017, Defendants filed a counterclaim similarly alleging various violations of trademark law. *See* Dkt. 12.

Defendants claim that, since the NAF Decision, Plaintiff has attempted to sell the domain name, despite NAF's order that Defendants transfer the domain name to Defendants. *See* Dkt. 18 at 1. Fearing irreparable harm, Defendants filed the Application, requesting the Court to enjoin Plaintiff from selling, leasing, or otherwise transferring the domain name "rufino.com" pending resolution of this action. *See* Dkt. 18 at 2.

## II.   LEGAL STANDARD

A party seeking injunctive relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunctions might cause the non-movant; and (4) that the injunction will not disserve the public interest. *See Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The movant bears the burden to prove all four requirements in order to be entitled to injunctive relief. *See Palmer*, 579 F.3d at 506.

## III.   ANALYSIS

Having read Plaintiff and Defendants' (collectively, the "Parties") briefing and heard oral argument presented at the December 7, 2017, hearing, the Court finds that Defendants have shown the need for preliminary injunctive relief in this matter.

### A.   SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

First, the Court finds Defendants have demonstrated a likelihood of success on the merits regarding their claim to the domain name "rufino.com." To establish this factor, a movant must present a prima facie case to support its claims; this does not mean that a movant must prove it is entitled to summary judgment. *See Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009).

As previously noted, Defendant Ruffino owns trademark registrations for the "RUFFINO" trademark around the world. *See* Dkt. 18 at 5-6. Defendant CBI is the registered owner of the domain name "ruffino.com." *See id.* at 6.

Defendants argue that Plaintiff has repeatedly infringed upon the marks of large and well-known companies, citing numerous internet domain names registered by Plaintiff, which were ultimately transferred to well-known companies/organizations. *See* Dkt. 18 at ¶¶ 18-19. Further,

3

Defendants point to the NAF Decision, wherein a panel of arbitrators unanimously decided that Plaintiff acted in bad faith in registering "rufino.com," and that "rufino.com" should be transferred from Plaintiff to Defendants. *See* Dkt. 18-2 at 15-16. While this Court reviews such decisions *de novo*, for purposes of injunctive relief, Defendants arguments and presented findings on this matter demonstrate a likelihood of success on the merits.

### B.  SUBSTANTIAL THREAT OF IRREPARABLE HARM

Next, the Court finds Defendants have demonstrated that in the absence of the requested injunctive relief, Defendants will suffer irreparable harm. In general, courts have held that a harm is "irreparable" where there is no adequate remedy at law. *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981); *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975). However, courts in this Circuit have also stated that "where a district court has determined that a meaningful decision on the merits would be impossible without an injunction, the district court may maintain the status quo and issue a preliminary injunction. . . ." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011); *see also Productos Carnic, S.A. v. Cent. Amer. Beef & Seafood Trading Co.*, 621 F.2d 683, 686-87 (5th Cir.1980).

Although Defendants concede that "rufino.com" is not currently active, they argue that if the domain name is transferred, leased, or sold to a party related to Plaintiff or a third-party, the domain name may be reactivated and could cause confusion, mistake, and/or deceive consumers; the basis for which the Lanham Act was codified to protect. *See* Dkt. 18 at 14. Defendants state that, in the past, the domain name had a search bar where consumers could insert the term "wine" and be directed to various links for alcoholic beverages, including Ruffino wines and many of its competitors. *See* Dkt. 26 at 9. Defendants argue that such misuse of the domain name has caused and would continue to cause irreparable harm in the form of disruption of Defendants' business,

loss of customer good will, and brand confusion. *See id.* Separately, Defendants argue, if the domain name is transferred, leased, or sold to a third-party, they will be forced to take additional steps to obtain the domain name from a new owner, spurring additional litigation. *See* Dkt. 18 at 14.

At the December 7, 2017, hearing, Plaintiff's counsel admitted that Plaintiff had attempted to sell "rufino.com" since the NAF Decision, and that Plaintiff intended to continue his attempts to sell the domain name during the pendency of this action. Plaintiff argues that his continued attempts to sell "rufino.com" would not prevent Defendant from obtaining a full and final transfer of the domain name. The Court disagrees with Plaintiff's characterization of potential harm. Specifically, if Plaintiff was successful in selling the "rufino.com" domain name during the pendency of this case, any decision declaring Defendants as the rightful owners of "rufino.com" and ordering Plaintiff to submit a full and final transfer would be meaningless. For this reason, as well as the reasons articulated by Defendants as set forth above, the Court finds that Defendants have demonstrated they will suffer irreparable harm in the absence of the requested injunctive relief.

### C.  BALANCE OF HARDSHIPS

Third, the Court finds that greater injury will be inflicted upon Defendants by denial of injunctive relief than would be inflicted upon Plaintiff by granting such relief. Defendants contend that the requested injunctive relief will merely maintain the status quo. *See* Dkt. 18 at 14-15. Defendants also reassert that the potential injury to them if injunctive relief is not granted includes disruption of their business, loss of customer good will, brand confusion, and additional litigation. *See* Dkt. 26 at 9-10.

At the December 7, 2017, hearing, Plaintiff argued that, if the requested injunctive relief is granted, he will be deprived of potential profit in selling "rufino.com." Plaintiff conceded, however, that since the NAF Decision ordered transfer of "rufino.com" to Defendants, Plaintiff cannot "transfer" the domain name; however, Plaintiff argued he should still be allowed to "sell" the domain name despite the NAF Decision and the pending case before the Court. In other words, Plaintiff argued that, if the requested injunctive relief is granted, he will lose potential profit in selling a domain name he acknowledges he cannot currently transfer. The Court finds this hardship of lost potential profit to Plaintiff negligible in comparison to Defendants' potential injury if the status quo is not maintained. The Court, therefore, finds that a balance of hardships favors issuing Defendants' requested injunction.

### D.  PUBLIC INTEREST

Finally, the Court finds the issuance of injunctive relief will not disserve the public interest. The NAF Decision, while not binding on this Court, provided a public service by privately settling the dispute regarding ownership of the "rufino.com" domain name. Maintaining that status quo while the Court provides a *de novo* review of the matter will not disserve the public interest.

### E.  BOND

Additionally, the Court has considered the issue of security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure and finds that Plaintiff will not suffer any financial loss that warrants the need for Defendants to post security. The Fifth Circuit has held that a district court has discretion to "require no security at all." *Kaepa, Inc. v. Achilles Corp*., 76 F.3d 624, 628 (5th Cir. 1996). After considering the facts and circumstances of this case, the Court finds that security is unnecessary, and Defendants should not be required to post security in this situation.

# IV.  ORDER AND RECOMMENDATION

For the foregoing reasons, the Court finds the Application for Temporary Restraining Order and Preliminary Injunction (Dkt. 18) should be **GRANTED** and a preliminary injunction should be entered, stating that:

Plaintiff and his officers, agents, servants, employees, attorneys, and Sedo.com, LLC are prohibited from selling, leasing, and/or otherwise transferring the domain name "rufino.com" pending resolution of this action, effective immediately.

This Preliminary Injunction shall remain in full effect for the pendency of this matter or until further order of the Court.

The Court also notes that, during the December 7, 2017, hearing, the Parties agreed to maintain the status quo with regard to this matter until a Memorandum is entered by the District Court following the fourteen (14) day objection period. **IT IS THEREFORE ORDERED** that the Parties shall comply with the magistrate judge's report until a Memorandum from the District Judge has issued.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of December, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE