# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STANLEY PACE, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:17-CV-518 |
| v. | § § § | JUDGE MAZZANT/JUDGE JOHNSON |
| CONSTELLATION BRANDS, INC., and RUFFINO S.R.L., | § § § § | |
| Defendants. | § § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 13, 2017, the report of the Magistrate Judge (the "Report") was entered containing proposed findings of fact and recommendations (*see* Dkt. #34) that Defendants Constellation Brands, Inc. and Ruffino S.r.L.'s Application for Temporary Restraining Order and Preliminary Injunction (the "Application") (Dkt. #18) be **GRANTED**.

On December 28, 2017, Plaintiff filed objections to the Report (*see* Dkt. #36); Defendants filed a response (*see* Dkt. #37). The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Plaintiff first objects that the Magistrate Judge erred by not analyzing whether Plaintiff has a "fair use" defense under the Anticybersquatting Consumer Protection Act ("ACPA"). *See* Dkt. #36 at 2. To support his objection, Plaintiff relies on one Fifth Circuit case, *Southern Co. v.*

*Dauben, Inc.*, 324 F. App'x 309 (5th Cir. 2009). In *Dauben*, the Fifth Circuit vacated the district court's grant of a preliminary injunction because, *inter alia*, the district court omitted consideration of the ACPA's "fair use" provision. *See Dauben*, 324 F. App'x at 316-17. Upon review, the Court does not consider *Dauben* as binding precedent for several reasons. First in *Dauben*, the Fifth Circuit expressly stated that "[p]ursuant to 5TH CIR. R. 475" the opinion "should not be published and is not precedent. . . ." *See id.* at 310. Second, *Dauben* found an abuse of discretion in granting a preliminary injunction because the district court omitted "any consideration" of the ACPA fair use provision; this was not the case in this matter. *See id.* at 316-17. At the December 7, 2017, hearing regarding the Application, the Magistrate Judge stated on the record that she did not find Plaintiff's arguments regarding "fair use" persuasive. *See generally* Dkt. #33. Specifically, the Magistrate Judge stated there was sufficient evidence to show that the "rufino.com" domain name was being used by Plaintiff in bad faith, including evidence that Plaintiff: has repeatedly infringed on the marks of large and well-known companies which were ultimately transferred to the rightful owners; placed specific ads relating to the wine industry on the site in hopes of redirecting internet traffic; and purchased the domain name for $843, yet has attempted to "sell" it to Defendants for a significantly higher price. *See id.*; *see also* Dkt. #34 at 3-4. Upon review of the record, therefore, the Magistrate Judge did consider Plaintiff's "fair use" defense, and ultimately found the argument not persuasive. Thus, the Court finds no error in the Magistrate Judge's conclusion, and Plaintiff's objection is overruled.

Plaintiff also objects that the Magistrate Judge did not make any express findings of fact or conclusions of law supporting the preliminary injunction. *See* Dkt. #36 at 3. In support, Plaintiff states that the Magistrate Judge "merely repeats what was alleged by Defendants." *See id.* Plaintiff's objection is meritless. In her analysis, the Magistrate Judge analyzed factual allegations

and made ultimate legal determinations for each of the preliminary injunction factors as outlined by the Fifth Circuit. *See* Dkt. #34 at 4-6. Accordingly, the Court finds no error in the Magistrate Judge's Report, and Plaintiff's objection is overruled.

Plaintiff further objects to the Magistrate Judge's findings because they allegedly rely on erroneous factual findings. *See* Dkt. #36 at 4-5. Plaintiff does not support this objection with any information regarding actual erroneous factual findings; instead, Plaintiff states there was "little evidence" for the Court to use and also "implications" of facts that were erroneous. *See id.* Plaintiff's objection is meritless because he does not present any erroneous factual findings. Therefore, the Court finds no error in the Magistrate Judge's factual findings, and Plaintiff's objection is overruled.

Plaintiff also generally objects that the Magistrate Judge's Report applied the wrong standards for a preliminary injunction and gave inappropriate deference to a National Arbitration Forum ("NAF") opinion. *See* Dkt. #36 at 5-6. After reviewing the Report, the Court finds that the Magistrate Judge applied proper Fifth Circuit precedent in analyzing whether a preliminary injunction should be granted. *See* Dkt. #34 at 3. Additionally, the Magistrate Judge properly noted that the Court reviews any such NAF decision on a *de novo* basis and made her ultimate findings on all of the arguments and presented findings; thus, there was no inappropriate deference to the NAF decision. *See id.* at 3-4. Accordingly, the Court finds no error in the Magistrate Judge's conclusion, and Plaintiff's objection is overruled.

Lastly, Plaintiff objects to the Magistrate Judge's finding that Defendants would suffer irreparable harm if a preliminary injunction was not granted. *See* Dkt. #36 at 6-7. Upon review, the Court finds the Report included substantial legal and factual support for the Magistrate Judge's

finding of irreparable harm. *See* Dkt. #34 at 4-5. Thus, the Court finds no error in the Magistrate Judge's conclusion, and Plaintiff's objection is overruled.

Based on the foregoing, Defendants' Application for Temporary Restraining Order and Preliminary Injunction (Dkt. #18) is **GRANTED.**

**IT IS THEREFORE ORDERED** that a Preliminary Injunction is hereby placed into effect until further order of the Court, providing:

Plaintiff and his officers, agents, servants, employees, attorneys, and Sedo.com, LLC are prohibited from selling, leasing, and/or otherwise transferring the domain name "rufino.com" pending resolution of this action, effective immediately.

This Preliminary Injunction shall remain in full effect for the pendency of this matter or until further order of the Court.

**IT IS SO ORDERED.**
**SIGNED this 13th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE